**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT LAMPKIN,

     Plaintiff-Appellee,

v.

JIM LITTLE, individually and as
commissioned officer of Okmulgee
County; ERIC WOODS, individually
and as a Police Office of the
Okmulgee Police Department,

     Defendants-Appellants,

  and

 OKMULGEE COUNTY BOARD
OF COMMISSIONERS, State of
Oklahoma a/k/a Board of County
Commissioners of Okmulgee County,
Oklahoma,

     Defendant.

No. 98-7136
(D.C. No. 96-CV-500-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**   *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Lampkin filed this action under 42 U.S.C. § 1983 against defendants Eric Woods, Jim Little, and the Okmulgee County Board of Commissioners to recover damages for Officer Woods' and Officer Little's alleged use of excessive force during the course of plaintiff's stop and arrest. The officers appeal the district court's denial of their motions for summary judgment on the defense of qualified immunity. [1]

According to plaintiff's version of events, at approximately 11:30 the night of July 26, 1995, he was driving his mother's car down the street in Okmulgee when he was pulled over by Officer Woods and Officer Little, who were in separate patrol cars. Officer Woods told plaintiff the tags on the car were expired and asked to see his license and proof of insurance. Plaintiff complied, getting out of the car to get his license from the back seat. The officers issued plaintiff a citation, told him the car would have to be impounded, and radioed for a tow truck. While waiting for the tow truck, the officers taunted and threatened plaintiff, who became sufficiently frightened that he returned to his car, where he called his mother on his cellular phone and asked her to come get him. Plaintiff,

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

who suffered from panic attacks, became increasingly frightened and confused as the officers continued to taunt him, so that by the time the tow truck arrived, he was sitting in his car sobbing. The officers told him he needed to get out of the car, but plaintiff was too frightened to do so, and he asked them to wait for his mother to arrive. The officers waited awhile and then told plaintiff they could wait no longer and he needed to get out of the car. When plaintiff did not comply with the officers' order to get out of the car, they told him they were going to arrest him and then reached into the car and grabbed him.

Plaintiff alleges that one officer (later determined to be Officer Woods) grabbed his left wrist and twisted his arm back against the side of the car, effectively pinning him in the car. When plaintiff told the officers he could not get out with his arm pinned against the car, Officer Woods just jerked harder on his arm. Plaintiff then thought he saw one of the officers with a gun and he heard the gun click. Plaintiff blacked out temporarily and when he revived, Officer Woods jerked his arm again. Both officers then pulled plaintiff from the car and held him suspended, face down, over the pavement. They threatened to throw him in front of an oncoming truck, and plaintiff had to arch his back to avoid hitting his face on the pavement. Something then struck plaintiff, knocking the wind out of him, and one of the officers commented about practicing his kick on plaintiff. The officers then took plaintiff around to the back of his car, where they threw

him on the trunk, pushing against him so hard he could barely breathe, and handcuffed him. Officer Little then put his arm around plaintiff's neck and jerked him violently upward. Officer Little continued choking plaintiff while dragging him backwards to within about eight feet of Officer Little's patrol car. Officer Little then released plaintiff and let him stand around for some time before plaintiff got in the patrol car. Plaintiff alleged that he suffered a variety of injuries during the course of his encounter with Officers Woods and Little, including a large bruise on his left side and a cracked rib.

Both officers disputed numerous aspects of plaintiff's version of events, including that they either hit or kicked plaintiff after they removed him from the car. According to the officers, when plaintiff failed to obey their orders to get out of the car, they reached in and pulled plaintiff from the car, walked him around to the back of the car, bent him over the trunk and handcuffed him, all without incident. Officer Little tried to walk plaintiff to his patrol car, but plaintiff pulled away and tried to return to his car. Officer Little then put plaintiff in a headlock and walked him backwards to the patrol car.

The district court concluded the evidence gave rise to disputed issues of material fact, including whether plaintiff had been kicked or struck by one of the officers. Therefore, the court concluded that the officers were not entitled to summary judgment on the basis of qualified immunity. Officers Woods and Little

now appeal, arguing that their conduct was objectively reasonable under the totality of the circumstances and, therefore, they should be entitled to qualified immunity.

Before we may consider the merits of the officers' qualified immunity defense, we must first determine whether we have jurisdiction over this interlocutory appeal. Generally, our appellate jurisdiction is limited by 28 U.S.C. § 1291 to appeals from "final decisions" of district courts. Nonetheless, district court orders denying summary judgment are immediately appealable "when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (quoting *Johnson v. Jones*, 515 U.S. 304, 317 (1995)) (alteration in original). Thus, if the district court determines that the law allegedly violated by the defendant was clearly established at the time of the challenged actions, that ruling is immediately appealable. *See id.* Likewise, if the district court determines that under the plaintiff's version of the facts, defendant's conduct violated the plaintiff's clearly established rights, or if the court determines that even under the defendant's version of the facts, the defendant's conduct violated the plaintiff's clearly established rights, that determination is immediately appealable. *See Johnson*, 515 U.S. at 312-13.

On the other hand, a district court order denying summary judgment to a defendant seeking qualified immunity is not immediately appealable "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at 319-20. Because the district court here denied summary judgment to the officers on the ground that "there remain factual issues for the trier of fact," Appellants' App. at 326, we directed the parties to file briefs addressing this court's jurisdiction to hear this appeal. In their brief, defendants contend that we have jurisdiction over this appeal because it raises the abstract legal question of whether their conduct was objectively reasonable even assuming plaintiff's version of the facts is true. Defendants contend that they raised this legal issue to the district court in their respective summary judgment briefs and that the district court's decision impliedly resolved this issue.

A careful review of the record, however, reveals that neither defendant ever argued to the district court that his conduct was objectively reasonable even if all the facts alleged by plaintiff were true. Officer Woods argued in his summary judgment briefs that his conduct was objectively reasonable under *his* version of the facts, and he challenged the adequacy of plaintiff's attempts to controvert that version. Officer Woods also argued that plaintiff's evidence was not sufficient to establish that he was beaten or kicked or that Officer Woods was the person who delivered the blow. Thus, Officer Woods' briefs focused on attacking the

-6-

sufficiency of plaintiff's allegations, an issue that we have no jurisdiction to review on interlocutory appeal.      *See Johnson*, 515 U.S. at 312 (noting that appellate court's interlocutory review of denial of qualified immunity does not encompass whether plaintiff's version of facts is correct, nor even if they actually state a claim).

Officer Little made a few more concessions to plaintiff's version of the facts in his brief in support of summary judgment.  He argued that even if plaintiff's allegations about the harassing/threatening conduct that preceded his removal from the car were true, that conduct did not constitute the use of excessive force.  Plaintiff, however, has never argued that this pre-arrest conduct constituted the use of excessive force.  In his reply brief, Officer Little incorporated by reference the arguments contained in Officer Woods' reply, including the challenge to the sufficiency of plaintiff's evidence about the alleged beating/kicking.  Officer Little also argued that he acted reasonably when he put plaintiff in a headlock and dragged him back to the patrol car, based on plaintiff's previous passive resistance to the arrest.  Officer Little did not purport to be accepting plaintiff's allegations as true when he made this argument, however, and the argument itself does not suggest that he was doing so, since plaintiff denied resisting the officers in any fashion, except arching his back to avoid

hitting his face on the ground when the officers suspended him over the pavement threatened to throw him down.

Based upon our review of the record, we conclude that neither Officer Woods nor Officer Little argued to the district court that his conduct was objectively reasonable even if all of plaintiff's allegations were accepted as true. Because the officers did not raise this issue to the district court and the court's order does not suggest that it decided the issue, we will not address the issue on appeal. *See, e.g.*, *Tele-Communications, Inc. v. Commissioner*, 104 F.3d 1229, 1233 (10th Cir. 1997) (holding that "an issue must be presented to, considered [and] decided by the trial court before it can be raised on appeal") (quotations omitted). Defendants do not appeal any other legal ruling of the district court. Therefore, we conclude that we have no jurisdiction over this appeal.

This appeal is DISMISSED for lack of jurisdiction.

Entered for the Court

John C. Porfilio
Senior Circuit Judge